IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02101-WYD-BNB

MICHELLE MEEKER,

       Plaintiff,

v.

LIFE CARE CENTERS OF AMERICA, INC. d/b/a HERITAGE PARK CARE CENTER;
COLORADO MEDICAL INVESTORS, LLC d/b/a HERITAGE PARK CARE CENTER;
TOWN OF CARBONDALE, COLORADO;
EUGENE SCHILLING;
MICHAEL ZIMMERMAN;
ROBERT BAKER;
JESSICA VARLEY; and
MELANIE HOLMES,

       Defendants.

---

## ~~PROPOSED~~ PROTECTIVE ORDER

---

This Order is entered pursuant to the LCCA Defendants' Motion for Protective Order. The Court FINDS:

A. That the parties may possesses certain documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

B. That a Protective Order should be entered in this matter that will properly balance the discovery rights of the parties and the parties' rights to protect confidential, proprietary, or trade secret information, and it is therefore:

Accordingly, the Court ORDERS, ADJUDGES AND DECREES:

1.  All production and disclosure of "Confidential Information," as defined in paragraph 2 below, during this litigation shall be governed by this Order. Counsel for the producing party shall review the information to be disclosed and designate the information believed, in good faith, to be confidential. All materials provided by the parties pursuant to this Protective Order that are designated Confidential Information shall be used solely and exclusively for the preparation for and conduct of this litigation, and shall not, unless directed by an appropriate Court, be made available, disclosed, or disseminated in any manner for any other purpose.  Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any person or entity not otherwise authorized to receive the information under this Order unless authorized to do so by court order.

2.  "Confidential Information" means any information that is designated as confidential by the supplying party, including but not limited to printed documents, computer disks or other electronic media, information contained in documents or electronic media, testimony and exhibits introduced in hearings or at trial, information revealed during depositions and information revealed in interrogatory answers. Confidential Information may include, ~~but is not limited to, the following: (a) information regarding training and materials provided to employees; (b) information relating to business practice, including but not limited to risk management, rules and procedures; (c) employment records/personnel files; or (d)~~ any ~~other~~ information reasonably and in good faith deemed to be of a confidential or proprietary nature by the supplying party.

  3. All Confidential Information shall be clearly and prominently marked on every single page document, on at least the initial page or cover of a multi-page document (including deposition transcripts), and in prominent location on the exterior of any tangible object, by:

    a. placing the designation "CONFIDENTIAL" on the Confidential Information; or

    b. overlaying language substantially similar to "PRODUCED SUBJECT TO A PROTECTIVE ORDER IN MEEKER V. LCCA, ET. AL, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, CASE NO. 1:14-CV-02101-WYD-BNB" on the text of the Confidential Information; or

    c. otherwise indicating on the face of the Confidential Information that it is subject to the terms of this Protective Order.

  4. **A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the**

**Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential**.

~~Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a letter to counsel for the party making the designation, and such letter must be received by counsel for the party making the designation no later than ten (10) days after the objecting party received the Confidential Information to which it objects. If the parties are unable to resolve the objection, any party may move the Court to do so. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Protective Order.~~

5. The terms of this Protective Order may be modified only ~~by written agreement of counsel for the parties or~~ by further order of the Court. ~~If fewer than all of the parties join in such an agreement, all information of the non-joining party or parties will be governed by this Order.~~

6. Subject to the provisions of paragraphs 7 and 8 below, Confidential Information may be disclosed only to the following persons:

      a.      corporate (in-house) and outside attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks and secretaries working under their supervision;

      b.      parties, directors, officers and employees or former employees who are assisting, or have involvement, in the defense of the lawsuit;

      c.      court personnel and/or court reporters who are actively engaged in connection with the preparation for and trial of this litigation;

      d.      expert witnesses retained for consultation or for testimony; and

      e.      any witness with prior knowledge of the information to be disclosed.

7. Prior to the disclosure of any Confidential Information to any person not covered by paragraphs 6 a-f above, counsel for the party that has received such Confidential Information shall first provide such person with a copy of this Order, and shall require such person to execute a protective order/agreement identical as the one here. Counsel for the party that has made Confidential Information available to persons not covered by paragraphs 6 a-f above is required to send a copy of the executed protective order/agreement to counsel for the party that produced the Confidential Information, within three days of such third person's receipt of Confidential Information.

8. The provisions of this Order with respect to Confidential Information shall not apply to information which (a) was, is or becomes public knowledge, through no violation of this Order; (b) is acquired in good faith from a third party not subject to this Order, such third party being

lawfully in possession of such information and able to release it; (c) was possessed prior to receipt of the material asserted to be confidential from a source able to provide it without a breach of confidence; or (d) was or is discovered independently by the receiving party by means that does not constitute a violation of this Order.

9. This Order shall bind all parties to this litigation until all documents, electronic media or other tangible materials containing Confidential Information have been returned to the producing party, or will be held in confidence by counsel pursuant to a file retention policy. Within thirty (30) days, after the final termination of this litigation, be it by trial, settlement or otherwise, the parties, and all other persons who have received Confidential Information during the course of this litigation in accordance with paragraphs 5 and 6 above, shall return to the disclosing party all copies of such confidential Information provided to them during the course of this litigation and shall certify in writing that all such documents have been returned; or else shall certify in writing that any documents or copies thereof not so returned have been destroyed.

10. ~~If a document containing Confidential Information is so designated and marked as a deposition exhibit shall, if filed, be filed under seal.~~ If testimony concerning Confidential Information is elicited at a deposition, hearing or trial, counsel for any party may request that a designated portion of the transcript be treated as Confidential Information. Such a request shall be made by notifying all parties in writing within ten (10) days after the later of the date of entry of this Order or the date of receipt of the transcript, or by making a suitable designation in the record at the deposition, hearing or trial. If such a request is made, such portion of the transcript shall be so treated and filed under seal, if it is filed in the record.

11. **Any request to restrict access must comply with the requirements of D.C.COLO.LCIVr 7.2.** ~~All documents containing Confidential Information filed with the Court in connection with a motion or otherwise, shall be filed under seal.~~

12. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether other information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality informs the opposing party of its claim within a reasonable time after learning of the disclosure.

13. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission by any party that any document or information is, or is not, either confidential or admissible in evidence in this action, or (b) prejudice in any way the right to any party to seek, by way of consent of all parties or by application to the Court (i) to have information not covered by this Order treated as Confidential Information within the meaning of this Order; (ii) additional protection for specific documents or information; or (iii) relief from the provisions of this Order with respect to the specific items or categories of documents or information.

14. Nothing contained in this Order shall be construed as preventing counsel from advising their respective clients as to counsel's opinions and conclusions so long as information designated as Confidential Information is not disclosed to persons not properly authorized to receive such information under this Order.

15. This Stipulation and Order shall be construed in accordance with and governed by

the laws of the State of Colorado.

Dated December 31, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge