## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02101-WYD-NYW

MICHELLE MEEKER,

      Plaintiff,

v.

LIFE CARE CENTERS OF AMERICA, INC. d/b/a HERITAGE PARK CARE CENTER;
COLORADOMEDICAL INVESTORS, LLC d/b/a HERITAGE PARKCARE CENTER; TOWN
OF CARBONDALE, COLORADO; EUGENE SCHILLING; MICHAEL ZIMMERMAN;
ROBERT BAKER; JESSICA VARLEY; and MELANIE HOLMES,

      Defendants.

_____

## ORDER ON MOTION FOR PROTECTIVE ORDER
_____

Magistrate Judge Nina Y. Wang

      This matter comes before the court on Defendants Life Care Centers of America, Inc.

("Life Care"), Colorado Medical Investors, LLC, Robert Baker, Jessica Varley, and Melanie

Holmes (collectively, "Life Care Defendants") Motion for Protective Order, filed February 19,

2015 (the "Motion for Protective Order") [#61, public entry #64].   Pursuant to the Order of

Reference dated July 29, 2014 [#6] and the Memorandum dated February 20, 2015 [#76], the

Motion for Protective Order is before this Magistrate Judge.   The court has reviewed the pending

Motion for Protective Order, Plaintiffs' Response, Defendant's Reply, and the exhibits thereto.

Satisfied that the Motion for Protective Order can be resolved on the record before the court

without the need for oral argument from counsel, for the reasons discussed below, the court

GRANTS the Motion for Protective Order IN PART and DENIES the Motion for Protective Order IN PART as follows.

## BACKGROUND

Because of the relevance to the discovery dispute at issue, the court will discuss Plaintiff Michelle Meeker's (also "Plaintiff" or "Ms. Meeker") allegations as set forth in her Complaint filed on January 29, 2014 [#1].  On October 16, 2013, Plaintiff unwittingly participated in a hostage taking preparedness drill conducted at Life Care's Heritage Park Care Center nursing facility in Carbondale, Colorado.  [#1, ¶ 1].  During the incident, Carbondale Police Officer Michael Zimmerman posed as a hostage taker, "reveal[ed] a [mock] gun tucked into the waistband of his jeans," and ordered Ms. Meeker to enter an unattended room at the nursing facility.  [*Id.*, ¶¶ 32-36].  As a result of the October 16, 2013 hostage taking drill, Ms. Meeker alleges that she "has suffered and continues to suffer significant damages, including severe mental and emotional distress." [*Id.*,  ¶ 1 ].

On December 31, 2014, this court issued a modified version of the Proposed Protective Order tendered by the Life Care Defendants.  [#45].  In purported compliance with that Order, the Life Care Defendants have, throughout the course of discovery, designated a number of documents as "Confidential"—including the documents subject to the instant Motion for Protective Order.  [#61, 1-2].  According to the Life Care Defendants, the bulk of the documents at issue "constitute what can best be described as LCCA's Employee Handbook."  [*Id.*, at 3]. The remainder of the disputed documents are twenty pages of Plaintiff's own personnel file from her time as an employee at Life Care's Heritage Park Care Center.  [*Id.*, 6-7].

## ANALYSIS

### I.      Standard of Review

Fed. R. Civ. P. Rule 26(c)(1) provides that a party may obtain a protective order on a showing of good cause to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and to protect "a trade secret or other confidential research, development, or commercial information."   Conclusory assertions are insufficient to show good cause.  "Instead, the party seeking a protective order must show that disclosure will result in a clearly defined and serious injury to the party seeking protection."  *Exum v. United States Olympic Committee*, 209 F.R.D. 201, 206 (D. Colo. 2002) (internal citations omitted).  "In the absence of a showing of good cause for confidentiality, the parties are free to disseminate discovery materials to the public."  *Id.*

In order to establish the existence of a trade secret or other confidential information entitled to protection, the movant must show:

> (1) the extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business, i.e., by the employees; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against its competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information.

*Hertz v. Luzenac Group*, 576 F.3d 1103, 1108 (10th Cir. 2009).

With respect to any discovery materials filed in proceedings before this court, the Supreme Court acknowledged a common-law right of access to judicial records in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system.  *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002).  Judges have a

responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F.Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

Accordingly, documents filed with this District are presumptively available to the public, and the burden is on the party seeking restriction to justify such relief. D.C.COLO.LCivR 7.2(A). A showing of compelling reasons for restriction of public access is necessary, as it critical that the public be able to review the factual basis of this Court's decisions and evaluate the court's rationale so that it may be confident that the court is functioning as a neutral arbiter. *Cf. McVeigh*, 119 F.3d at 814. A party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) it must identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) it must identify a clear injury that would result if access is not restricted; and (4) it must explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(B)(1)–(4).

## II.     Application to Life Care Defendants' Motion for Protective Order

It is axiomatic that a party moving for contested relief needs, if it reasonably expects to succeed, to provide the court with competent evidence to support the request, rather than mere generalized attorney argument. *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05–2164–MLB–DWB, 2007 WL 101858, at *5 (D. Kan. Jan. 10, 2007) (finding that "generalized arguments of counsel do not meet a party's burden to show a private or public harm that would outweigh the public's right to access to court documents"); *Exum v. United States*

*Olympic Committee*, 209 F.R.D. 201, 206 (D. Colo. 2002) ("the party seeking a protective order must show that disclosure will result in a clearly defined and serious injury to the party seeking protection") (internal citations omitted).   The arguments of counsel contained in the Life Care Defendants' opening moving papers are unsupported by an accompanying declaration to provide particularized factual support.   Therefore, the conclusory statements of counsel in the Life Car Defendants' opening moving papers—including among others that "the information contained in the Employee Handbook is not known outside the business because the Employee Handbook is not distributed outside the business"—fail to persuade the court that any information in the "Employee Handbook" is properly subject to filing under restriction in its entirety.   [#61, 3-4].

Nevertheless, the court recognizes that certain of the documents in dispute contain potentially non-public salary and benefit information that may be competitively sensitive, and that the Life Care Defendants in Reply provided competent evidence that certain documents contain non-public information regarding a "compensation/employee safety program" that was a product of considerable investment by Defendant Life Care.   [#103 & 103-1].   The court is also cognizant that under certain circumstances, public dissemination of safety drill information could increase the risks of harm to third-parties to this litigation.   The court is satisfied that documents containing non-public salary and benefit information, non-public information regarding Life Care's "compensation/employee safety program" as described in the declaration of David Weitz [#103-1], and non-public information concerning Life Care's safety drills may be produced on a confidential basis in this litigation.

To the extent any of these documents containing or reflecting such information might subsequently be filed with the court,[1] in view of the strong public interest in open access to records of judicial proceedings, the Parties are directed to prepare redacted versions of same, and redacted versions of any moving (or response or reply) papers filed under seal as a result of confidentiality designations as to the documents put at issue by the instant motion for Protective Order—redacted only to the extent necessary to protect information genuinely sensitive subject to Fed. R. Civ. P. Rule 26(c)(1) and D.C.COLO.LCivR 7.2(A).

The court will grant prior motions for leave to restrict the documents put at issue by the Protective Order motion and briefing citing same, with the expectation that the Parties will file any future motions and exhibits consistent with this Order.

## CONCLUSION

Based on the court's review of the papers and supporting evidence, and application of the pertinent case law, IT IS HEREBY ORDERED that:

(1) The Life Care Defendants' Motion for Protective Order is GRANTED IN PART and DENIED IN PART.

DATED April 23, 2015.                    BY THE COURT:

                                         *s/* Nina Y. Wang_____
                                         United States Magistrate Judge

---

[1] Based on the representations of Plaintiff Michelle Meeker herself and of the Life Care Defendants, the Court finds that the documents from Plaintiff's personnel file as to which Plaintiff has expressly waived confidentiality are not confidential.