**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02101-WYD-NYW

MICHELLE MEEKER,

    Plaintiff,

v.

LIFE CARE CENTERS OF AMERICA, INC., d/b/a HERITAGE PARK CARE CENTER;
COLORADO MEDICAL INVESTORS, LLC, d/b/a HERITAGE PARK CARE CENTER;
TOWN OF CARBONDALE, COLORADO;
EUGENE SHILLING, Chief of Carbondale Police Department, in his official and individual
    capacities;
MICHAEL ZIMMERMAN, Police Officer in the Carbondale Police Department, in his official
    and individual capacities;
ROBERT BAKER, Executive Director of LIFE CARE CENTERS OF AMERICA, INC.'s
    Heritage Park Center;
JESSICA VARLEY, Human Resources Director of LIFE CARE CENTERS OF AMERICA,
    INC.'s Heritage Park Care Center; and
MELANIE HOLMES, Director of Nursing of LIFE CARE CENTERS OF AMERICA, INC.'s
    Heritage Park Center,

    Defendants.

---

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff Michelle Meeker's ("Plaintiff") Motion to Compel LCCA Defendant'' Disclosures and Discovery Responses Pursuant to Fed. R. Civ. P. 37(a), filed on March 9, 2015 [#73] ("Motion to Compel"). Pursuant to the Order of Reference dated July 29, 2014 [#6], the Reassignment dated February 10, 2015 [#58], and the Memorandum dated March 10, 2015 [#76], the Motion to Compel is before this Magistrate Judge. The court has reviewed the pending Motion to Compel, Defendants Life Care Centers of America, Inc. (d/b/a Heritage Park Care Center ("HPCC")) and Colorado Medical Investors

LLC's (d/b/a/ Heritage Park Care Center) ("Defendants") Response, Plaintiff's Reply, and any exhibits thereto. The court has also reviewed Plaintiff's Motion to Supplement [#134] and Proposed Supplement [#135], and any exhibits thereto. Satisfied that the Motion to Compel can be resolved on the record before the court without the need for oral argument from counsel for the interested Parties, for the reasons discussed below, the court GRANTS the Motion to Compel in part and DENIES the Motion to Compel in part as follows.

## BACKGROUND

### I.      Plaintiff's Complaint

Plaintiff Michelle Meeker ("Plaintiff" or "Ms. Meeker") filed her Complaint in this matter on July 29, 2014. [#1]. The following is a summary of certain relevant allegations contained in Plaintiff's Complaint, which the court uses to frame its consideration of this instant motion.

Ms. Meeker was a registered nurse employed at the HPCC. [#1 at ¶ 1]. Defendant Life Care Centers of America, Inc. allegedly "holds itself out as the owner and operator" of the HPCC, and Defendant Colorado Medical Investors LLC allegedly "owns the Heritage Park property" (collectively, these two Defendants are hereinafter referred to as the "Life Care Defendants" or as "Defendants"). [*Id.* at ¶¶ 7-8]. On October 16, 2013, Plaintiff unwittingly participated in a hostage taking preparedness drill conducted at the HPCC. [*Id.*]. During the incident, Defendant Carbondale Police Officer Michael Zimmerman ("Defendant Zimmerman"), allegedly in concert with the Life Care Defendants, posed as a hostage taker, "reveal[ed] a [mock] gun tucked into the waistband of his jeans," and, *inter alia*, ordered Ms. Meeker to enter an unattended room at the nursing facility. [*Id.* at ¶¶ 32-36, 88]. As a result of the October 16, 2013 hostage taking drill, Ms. Meeker alleges that she left her position at the HPCC, and that she

"suffered and continues to suffer significant damages, including severe mental and emotional distress." [*Id.* at ¶¶ 1, 75-86].

On the basis of these and other allegations, Plaintiff originally asserted the following claims: claims under 42 U.S.C. § 1983 for unreasonable seizure, excessive force, and false imprisonment in violation of the Fourth Amendment of the U.S. Constitution as against all Defendants; an additional § 1983 claim under the Fourteenth Amendment for purported procedural and substantive due process violations as against all Defendants; a §1983 municipal liability claim against the Town of Carbondale and Sergeant Eugene Schilling ("Defendant Schilling") for alleged failure to adequately train and supervise; and civil assault/battery/false arrest and imprisonment/outrageous conduct claims against Defendant Zimmerman, Defendant Schilling, and the Life Care Defendants. [#1]. By Order dated May 5, 2015, the court dismissed the state law claims brought against the individuals – Defendants Baker, Varley, and Holmes – holding that Workers' Compensation benefits were the only remedy available to Plaintiff for injuries caused by co-workers or superiors in the course of employment. [#120].

## II.     Plaintiff's Motion for Leave to Amend

On February 23, 2015, Plaintiff moved for leave to amend her Complaint to assert additional claims for willful and wanton breach of contract and willful and wanton breach of the covenant of good faith and fair dealing as against the Life Care Defendants. [#67, #68]. Finding these claims were premised on unenforceable statements in employment related documents, this court previously recommended that leave to amend be denied as futile. [#123]. As of the date of this order, Plaintiff's objection to that Recommendation is pending before the Honorable Wiley Y. Daniel.

### III.  Entry of Protective Order

On December 31, 2014, this court entered a Protective Order, which provides that qualified discoverable materials may be designated as "Confidential" by a party. [#45]. "Confidential" material may only be shared for purposes of the litigation with the following persons:

> [Section 6] a. corporate (in-house) and outside attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks and secretaries working under their supervision; b. parties, directors, officers and employees or former employees who are assisting, or have involvement, in the defense of the lawsuit; c. court personnel and/or court reporters who are actively engaged in connection with the preparation for and trial of this litigation; d. expert witnesses retained for consultation or for testimony; and e. any witness with prior knowledge of the information to be disclosed.

[*Id.* at 4-5].

### IV.  Plaintiff's Motion to Compel

On March 9, 2015, Plaintiff filed the instant Motion to Compel, identifying several deficiencies with Defendants' discovery responses to date. [#73]. Plaintiff first takes issue that the Life Care Defendants' Initial Disclosures represented that Defendants might rely on the testimony of "one or more representatives," without providing any further identification of who those representatives are. [*Id.* at 5]. In addition, Plaintiff contends that the Life Care Defendants have refused to appropriately respond to Plaintiff's Interrogatory No. 7, which calls for identification of all persons present at the HPCC facility from 8:00 a.m. to 8:00 p.m. on October 13, 2013, the day of the drill. [#73 at 5-6 & #73-1 at 4]. Plaintiff also argues that she has yet to receive an appropriately comprehensive response to Plaintiff's Interrogatory No. 5, which requests that the Life Care Defendants "identify all drills or safety security training exercises at any LCCA facility" over a decade long span, including identification of any witnesses to such drills or exercises and identification of "all documents that relate to each such drill." [#73 at 9-

4

11; #73-1 at 4]. Relatedly, Plaintiff also contends that she has not received full responses to Plaintiff's Requests for Production Nos. 5, 8, and 9, which request production of documents potentially germane to emergency preparedness drills and exercises. [#73 at 9-11]. Finally, Plaintiff argues that the Life Care Defendants have not yet fully responded to Plaintiff's Interrogatory No. 4, which requests identification of "any document that was prepared, consulted or referred to by you in the planning, preparation, execution or review of the 'drill' that occurred in October 16, 2013." [#73 at 12-13 & #73-1 at 4].

## ANALYSIS

### I.  Standard of Review

In considering whether information is subject to discovery, the court exercises its discretion while balancing the interests and burdens of all parties. The general test of discoverability is whether the information sought by a discovery request is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This is a broad standard meant to allow the parties to discover the information necessary to prove or disprove their cases. *Bagher v. Auto-Owners Insurance Company*, No. 12–cv–00980–REB–KLM, 2013 WL 5417127, at *5 (D. Colo. Sept. 26, 2013). Upon a showing of "good cause" by the proponent of discovery, an even broader standard of "any matter relevant to the subject matter involved in the action" may be applied. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009). Despite the presumptive discoverability of relevant, non-privileged information, when the relevance of a discovery request is not apparent on the face of the request itself, the proponent of discovery bears the burden of making an initial, rebuttable showing of relevance. *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05–1203–WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007).

The proper scope of discovery is further bounded by the principles of proportionality. Fed. R. Civ. P. 26(b)(2)(C); *see also Qwest Commc'ns Int'l v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Indeed, Rule 26(b)(2)(C) allows a court to limit discovery on motion or on its own if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or may be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(a)(2)(C).

In moving to compel additional discovery, it is the burden of the party seeking further answers to prove that that the answers of the resisting party are incomplete or otherwise deficient. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (citing *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir.1976) ("appellees had the burden of proving the answer to their interrogatory was indeed incomplete")); *see also Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986) (the burden of proof lies with the proponent of additional discovery to prove that the answers before the court are incomplete, inadequate, or false).

Moreover, a "party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support" to properly raise and stand on its objections. *Madden v. Antonov*, No. 4:12CV3090, 2014 WL 4295288 at *3 (D. Neb. Aug. 31, 2014).

**II.     Application to Plaintiff's Motion to Compel**

    **A.     Life Care Defendants' Initial Disclosures**

Ms. Meeker contends that Defendants' Initial Disclosures are incomplete because they state that Defendants may rely upon "one or more representatives" of both Life Care Defendants without naming them. [#73-4]. Rule 26(a)(1) of the Federal Rules of Civil Procedure requires disclosure of "the name" of "each individual" the party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1). The rule is not satisfied by a categorical description such as (as provided in the instant case by the Life Care Defendants) "one or more representatives." *Womack v. Smith*, No. 1:06–CV–2348, 2012 WL 1245752 at *10 (M.D. Pa. April 13, 2012) ("'[P]arties must provide the specific names of the individuals they might use as witnesses. It is not sufficient to identify them through the use of a collective description, such as employees or representatives of the defendant. Furthermore, if some or all of the identified individuals are employees of the disclosing party, their home addresses and telephone numbers must be disclosed.'") (quoting 6 Moore's Federal Practice § 26.22(4)(a)(i)). The applicable sanction for non-compliance with Rule 26(a)(1) is provided by Rule 37(c)(1), which provides that absent adequate and timely disclosure, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In response, the Life Care Defendants state that they have already specifically identified all presently known potential witnesses with any relevant information, either as part of the Initial Disclosures or part of their discovery responses. [#102 at 3]. This representation, like all others made in court filings, is subject to Rule 11 of the Federal Rules of Civil Procedure. Therefore, the court cannot compel the identification of still unknown potential witnesses. However, the

court notes that a party's disclosures pursuant to Rule 26(a)(1) must be timely supplemented pursuant to Rule 26(e) should a party subsequently discover that his or her prior disclosures were incomplete, and the use of placeholder language (whether or not it is commonplace in Colorado) does not exempt the Life Care Defendants of their disclosure obligations. Failure to disclose witnesses by name and with an accompanying address may lead to the preclusion of such witnesses or other sanctions.

### B.     Interrogatory No. 7

Plaintiff's Interrogatory No. 7 calls for the Life Care Defendants to provide the names and contact information of all persons present at the HPCC facility from 8:00 a.m. to 8:00 p.m. on October 13, 2013, the day of the drill at issue in this litigation. [#73-1 at 4]. The Life Care Defendants resist providing a full response to the request as written, asserting that they have already provided information as to every employee who was at the facility on the day of question and every employee who had a role in the drill; and contending that federal and state law providing for the confidential treatment of nursing home patients' "personal and clinical records" (42 C.F.R. § 483.10(e)) or "personal and medical records" (C.R.S. § 25-1-120(1)(h)) bars disclosure of patient and visitor names and contact information. [#102 at 5-9].

One of the objectives of discovery is to allow a party to identify individuals who may be witnesses or otherwise might have case-relevant information. While the drill and the alleged hostage-taking occurred within a single hallway, the court is persuaded that that is not a stretch to conclude that individuals on the same floor who were present during the drill may be in possession of information relevant to the claims and defenses at issue in this litigation. In addition, the Life Care Defendants have not articulated any burden to providing the additional known or otherwise reasonably available names and contact information to Ms. Meeker.

Moreover, the applicable medical privacy law provisions cited by the Life Care Defendants– which by the terms protect only personal "records" –do not appear to extend to names and contact information. Ms. Meeker does not seek information about their medical condition and/or treatment. Nor does she even seek to identify what visitors may be associated with a particular patient.

On the record before me, I find further response to this interrogatory is warranted. In an abundance of caution, the court will permit the Life Care Defendants to disclose the names and contact information requested as to employees, residents, and visitors as "Confidential" under the operative Protective Order in this action. However, nothing in this Order can or should be construed as a directive by the court to file any such information under restriction without satisfying the legal and procedural requirements of *United States v. Nixon*, 418 U.S. 683 (1974), its progeny, and D.C.COLO.LCivR 7.2.

### C.     Interrogatory No. 5 and Requests for Production Nos. 5, 8, and 9

As noted above, Interrogatory No. 5, and Requests for Production Nos. 5, 8, and 9, all seek information regarding other emergency drills. The court acknowledges that "other incidents of the same type" are in some instances relevant to a party's claims or defenses. Fed. R. Civ. P. 26(b)(1) Advisory Committee's Notes, 2000 Amendment. However, as written, the court finds that the language of Plaintiff's Interrogatory No. 5, and Requests for Production Nos. 5, 8, and 9, are each facially overbroad, and potentially sweep in incidents that are not proximate in location, time, and may not even be remotely of the "same type." For example, Interrogatory No. 5 calls for identification of "all drills or safety security training exercises at any LCCA facility" over a decade long span (including identification of any witnesses and identification of "all documents that relate to each such drill"). [#73-1 at 4]. Taken at its plain language, this request would

encompass standard fire drills in LCCA facilities across the country over the span of a decade–drills that lack any bearing on any of Plaintiff's claims or any Defendant's defenses in this case–and require identification of all witnesses to any such drill, and identification of all documents relating to such drills.  Similarly, Request for Production No. 5 seeks a copy of all documents related to each drill from 2009 to the present.

Each of these discovery requests is simply too broad on its face.  This court declines to redraft these discovery requests for Ms. Meeker.  *See Heim v. BNSF Ry. Co.*, No. 8:13CV369, 2014 WL 6949044 at *9 (D. Neb. Dec. 8, 2014) (holding that when "even after the meet and confer process, a party files a motion demanding answers to patently overbroad discovery, court orders which re-draft and narrow the discovery provide no incentive to draft targeted discovery at the outset, or to engage in good faith discussions to resolve discovery disputes").  Accordingly, I deny Plaintiff's request to compel further response to Plaintiff's Interrogatory No. 5, or to Plaintiff's Requests for Production Nos. 5, 8, and 9.  To the extent that Ms. Meeker properly reframes these discovery requests and the Life Care Defendants' responses are still perceived inadequate, Plaintiff may seek court intervention after an appropriate meet and confer.

### D.   Interrogatory No. 4

As described in Plaintiff's moving papers, "Plaintiff's Interrogatory 4 requests identification of all documents prepared, consulted, or referred to as part of the planning and execution of, or review of the October 16, 2013 drill."  [#73 at 12].  Plaintiff asserts that she believes the Life Care Defendants have not yet produced or otherwise identified all documents germane to this discovery request.  [*Id.*].  The Life Care Defendants represent in response that no responsive materials have been withheld.  [#102 at 12-15].

"Under ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are not in [its] possession, custody or control, should resolve the issue of failure of production." *Zervos v. S.S. Sam Houston*, 79 F.R.D. 593, 595 (S.D.N.Y. 1978) (citation omitted); *see also Golden Trade S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 n. 7 (S.D.N.Y. 1992) ("In the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion."); *accord Margel v. E.G.L. Gem Lab Ltd.*, No. 04 Civ. 1514 (PAC) (HBP), 2008 WL 2224288, at *3 (S.D.N.Y. May 29, 2008) (collecting cases). On the record before it, the court finds that Plaintiff has failed to make a showing sufficient to rebut the Life Care Defendants' good faith averment that all responsive, relevant materials have been identified and/or produced pursuant to Fed. Rule Civ. P. 33(d) in response to Interrogatory No. 4. I therefore decline to order any further response at this time.

## CONCLUSION

Based on the court's review of the papers and supporting evidence, and application of the pertinent case law, IT IS HEREBY ORDERED that:

(1) Plaintiff Michelle Meeker's Motion to Compel [#73] is GRANTED IN PART and DENIED IN PART;

(2) Plaintiff's Motion to Supplement [#134] is GRANTED;

(3) The Life Care Defendants are ordered to provide reasonably available names and contact information for all persons present **on the same floor** at the HPCC facility from 8:00 a.m. to 8:00 p.m. on October 13, 2013 on the day of the drill forming the basis of this lawsuit designated as "Confidential" pursuant to the operative Protective Order in this matter on or before **July 29, 2015**;

    (4) The Motion to Compel is otherwise DENIED.

DATED: July 20, 2015.                          BY THE COURT:

                                                    *s/* Nina Y. Wang_____
                                                    United States Magistrate Judge