IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**MAGISTRATE JUDGE NINA Y. WANG**

| | | | |
|---|---|---|---|
| Civil Action: | 14-cv-02101-WYD-NYW | Date: | September 3, 2015 |
| Courtroom Deputy: | Brandy Simmons | FTR: | NYW COURTROOM C-204 |

| Parties | Counsel |
|---|---|
| MICHELLE MEEKER, | *Christina M. Habas* |
| | *Kimberly Jo Jones* |
| | *Paula Dee Greisen* |
| **Plaintiff,** | |
| v. | |
| LIFE CARE CENTERS OF AMERICA, INC., | *Gail Lynne Benson* |
| COLORADO MEDICAL INVESTORS, LLC, | *Ian Ray Mitchell* |
| TOWN OF CARBONDALE, COLORADO, | *Thomas Sullivan Rice* |
| EUGENE SCHILLING, | |
| MICHAEL ZIMMERMAN, | |
| ROBERT BAKER, | |
| JESSICA VARLEY, | |
| MELANIE HOLMES, | |
| **Defendants.** | |

**COURTROOM MINUTES/MINUTE ORDER**

**MOTION HEARING AND INFORMAL DISCOVERY CONFERENCE**

Court in Session: 1:30 p.m.

Appearances of counsel. Ms. Laurie Mool appears with Mses. Greisen and Jones.

Discussion and argument held on Defendants Life Care Centers of America, Inc. and Colorado Medical Investors, LLC's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) [143] filed August 5, 2015.

For reasons stated on the record, it is

**ORDERED: The Motion for Protective Order Pursuant [143] is SUBMITTED AND TAKEN UNDER ADVISEMENT. Written order to issue.**

Discussion held on Plaintiff's Motion to Restrict Exhibit Number 18 and 19 to Plaintiff's Response to Carbondale Defendant's Motion for Summary Judgment [151] filed August 14, 2015.

**ORDERED: Plaintiff's Motion to Restrict Exhibit Number 18 and 19 to Plaintiff's Response to Carbondale Defendant's Motion for Summary Judgment [151] is GRANTED. The Clerk of the Court shall restrict [150-1] and [150-2] with a Level 1 restriction.**

Parties proceed to Informal Discovery Conference.

Parties discuss time frame covered in Plaintiffs discovery requests and if those requests are overly burdensome for Defendants. The Court has no information to determine if the requests are overly burdensome, but provides the following guidance: if the unannounced drills have been occurring since 2010, then it is appropriate for discovery with respect to such drills to extend back to 2010. However, any discovery directed at the financial status of the Defendants should be limited to 2013 to the present, and should be limited to documents sufficient to establish the financial position and relationship of Defendants but need not be every financial document that can be encompassed by the discovery dispute, given the fact that the only identified relevance is to Plaintiff's claim for punitive damages.

Parties discuss LCCA, HCCA and CMI organizational structures, and relationship of entities.

Parties discuss request for personnel records and the safety committee meeting minutes.

Defendants are unaware of the number of unannounced drills at all the facilities during the specified years. The court indicates at it expects that Defendants will take a reasonable inquiry to determine the number of unannounced drills that may be subject to discovery, or alternatively, may be unduly burdensome. To the extent Defendants assert that the discovery is overly burdensome, the court expects Defendants to submit admissible evidence for that point rather than relying only on attorney argument.

Parties discuss Revised RFP Documents No. 9 regarding documents relating to any Staff Meeting at HPCC that discuss the drills. Defendant withdraws the objection.

**ORDERED: Parties shall meet and confer to try to reach some resolution. If no resolution is reached, parties shall file any outstanding discovery motions on or before September 11, 2015. The response is due on or before September 25, 2015. No replies will be accepted without leave of court.**

Court in Recess: 2:31 p.m.    Hearing concluded.    Total time in Court: 01:01

\* To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.