IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  14-cv-02101-WYD-NYW

MICHELLE MEEKER,

    Plaintiff,

v.

LIFE CARE CENTERS OF AMERICA, INC., d/b/a HERITAGE PARK CARE CENTER;
COLORADO MEDICAL INVESTORS, LLC, d/b/a HERITAGE PARK CARE CENTER;
TOWN OF CARBONDALE, COLORADO;
EUGENE SCHILLING, Chief of the Carbondale Police Department, in his official and individual capacities;
MICHAEL ZIMMERMAN, Police Officer in the Carbondale Police Department, in his official and individual capacities;
ROBERT BAKER, Executive Director of LCCAs Heritage Park Care Center;
JESSICA VARLEY, Human Resources Director of LCCAs Heritage Park Care Center; and
MELANIE HOLMES, Director of Nursing of LCCAs Heritage Park Care Center,

    Defendants.

**ORDER AFFIRMING IN PART AND REJECTING IN PART
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
(RESTRICTED - LEVEL ONE)**

THIS MATTER is before the Court on Plaintiff's Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a).  Plaintiff seeks leave to add claims asserting "Willful and Wanton Breach of the Covenant of Good Faith and Fair Dealing" and "Willful and Wanton Breach of Contract" against Defendants Life Care Centers of America and Colorado Medical Investors Defendants ["the Life Care Defendants"].  This motion was referred to Magistrate Judge Wang for a Recommendation.  *See* 28 U.S.C § 636(b)(1); Fed. R. Civ. P. 72.

A Recommendation of United States Magistrate Judge was issued on May 29, 2015 (ECF No. 123), and is incorporated herein by reference. Magistrate Judge Wang recommends therein that Plaintiff's Motion to Amend be denied as futile.

More specifically, the Recommendation notes that Plaintiff relies on statements made by the Life Care Defendants in two documents to support the claims she seeks to add: a document entitled "Welcome and Introduction; Life Care History; Mission and Values" and a document entitled "Life Care Centers of America: Our Jobs Together." (Recommendation at 3-4.) Magistrate Judge Wang finds that the language in those documents relied upon by Plaintiff to establish a contractual obligation "consists of vague assurances that amount to aspirational policy statements, rather than express or even implicit promises upon which a plaintiff could reasonably rely." (Recommendation at 7.) She further finds that "those statements are not sufficiently definite guideposts a court could possibly enforce." (*Id.*) For instance, she states, "this court can imagine no objective way to measure whether the Life Care Defendants had fulfilled or breached a contractual obligation to have their work 'rooted in the Judeo-Christian ethic' and whether they had demonstrated 'sufficient obedience to God to fulfill their corporate mission and principles.'" (*Id.*) Accordingly, Magistrate Judge Wang recommends that Plaintiff's Motion to Amend "be denied as futile, on the ground that the Motion and accompanying proposed amended complaint fail to set forth the substance of any enforceable contractual obligation." (*Id.*)

Plaintiff filed timely Objections to the Recommendation on June 16, 2015. Defendants filed a response to Plaintiff's Objections on June 30, 2015, and Plaintiff filed

a reply on July 14, 2015. I will construe the recommendation to deny the motion to amend as a dispositive ruling since a finding that Plaintiff's proposed amendments are futile is "functionally equivalent" to a finding that the proposed amendments should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999) (the futility inquiry "is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6)). The objections filed by Plaintiff thus necessitate a *de novo* determination as to the portion of the Recommendation to which objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff asserts in her Objections that the promises made by the Life Care Defendants in the documents at issue are sufficient to form the basis of a contract. I first agree with Defendant that to the extent Plaintiff attempts to rely on documents that were not referenced as a basis for her motion to amend, that is improper. I will consider only the documents relied on in the motion to amend to support her breach of contract claims and that were considered by Magistrate Judge Wang in her Recommendation.

As to the claim for "Willful and Wanton Breach of the Covenant of Good Faith and Fair Dealing" that she seeks to leave to add, Plaintiff contends there are multiple promises that form the basis of this claim. She relies on the "Mission and Values" policy, where the Life Care Defendants promises that its "[a]ssociates [employees] are Life Care's most valuable resource" (ECF No. 67-1, pp. 3 and 5), that the Life Care Defendants believe in providing an environment in which its employees "[h]ave

-3-

opportunities through education and advancement to reach their maximum potential," "[a]re motivated to continue their employment with the center so long as they meet the expectations of their jobs," "[a]re free to express their ideas and concerns, and are encouraged to participate in, and feel a part of, the organization," and "[a]re treated fairly and with respect, regardless of race, religion, culture, ethnic or backgrounds."  (*Id.*, p. 5.)  The "Mission and Values" policy also states that the Life Care Defendants believe "unselfishness and teamwork are vital to the success of the center and the corporation." (*Id.*)  With respect to the management of the facilities, the Life Care Defendants represent that there will be fair and consistent application of the rules, policies and procedures of the center and the corporation, that its "work is rooted in the Judeo-Christian ethic, and that obedience to God is best measured by our service to others," and that "[o]nly by following this principle will our mission and potential as a corporation be fulfilled."  (*Id.*)

I agree with Magistrate Judge Wang that the vast majority of these statements are mere vague assurances that do not rise to the level of a contract or support a claim for breach of the covenant of good faith and fair dealing.  *See Hoyt v. Target Stores, Div. of Dayton Hudson Corp.*, 981 P.2d 188, 194 (Colo. App. 1998) ("[w]hether an alleged promise is claimed to be part of an express contract or is asserted as the basis for the application of promissory estoppel, it must be sufficiently specific so that the judiciary can understand the obligation assumed and enforce the promise according to its terms.") (citing *Soderlun v. Public Service Co.*, 944 P.2d 616 (Colo. App. 1997)). Plaintiff argues, however, that the representations to the effect that employees

[a]re treated fairly and with respect. . . ." support a claim for breach of an express covenant of good faith and fair dealing.  The *Hoyt* court noted that "if a claim based on the violation of an express covenant of good faith is to be recognized, such a claim is a contractual one."  981 P.2d at 194; *see also Lutfi v. Brighton Community Hosp. Assoc.*, 40 P.3d 51, 59 (Colo. App. 2001).

 Plaintiff asserts that such a claim was recognized by the Colorado Supreme Court in the *Decker* cases.  I disagree.  Instead, the Colorado Supreme Court stated it merely "accept[ed] the finding of the jury of a breach of an express contractual obligation without addressing the elements of such a claim or the proof necessary to sustain the claim", as those issues were not before the court.  *Decker v. Browning-Ferris Indus. of Colo., Inc.*, 947 P.2d 937, 940 (Colo. 1997); *see also Valdez v. Cantor*, 994 F.2d 483, 487 (Colo. App. 1999) (stating that the Colorado Supreme Court "has not yet decided whether Colorado law recognizes a claim based upon an express covenant of good faith and fair dealing") (citing *Decker*).

 Moreover, as noted in the *Valdez* case, even if such a claim were to be recognized, "it is questionable whether a general statement by an employer that the employee will be treated fairly would be sufficient to give rise to a judicially enforceable obligation."  994 F.2d at 487 (citing *Soderlun*).  Indeed, the Colorado Court of Appeals held in *Hoyt* that "[a]ssurances of fair treatment . . . are unenforceable."  981 P.2d at 194.

 I recognize that Plaintiff cites cases whereby courts have held that language in an employee handbook that an employer "*is committed to providing a 'fair and equitable*

*working environment*'" may create an enforceable contract if the employee can prove all the elements of the formation and breach of a contract." *See Baker v. Echostar Communications Corp.*, No. 06-cv-01103-PSF-BNB, 2007 WL 4287494, at *12 (D. Colo. Dec. 4, 2007) (Figa, J.) (unpublished) (quoting *Tuttle v. ANR Freight System, Inc.*, 797 P.2d 825, 827 (Colo. App. 1990) (emphasis added)).  These rulings are premised, however, on the use of the word "commit", as "defendant's use of that word demonstrates a promise by defendant to follow an equal employment program with the company." *Tuttle*, 797 P.2d at 828.  "[I]t establishes with specificity defendant's commitment not to discriminate in either employment or remuneration." *Id.*  The "fair treatment" language that gave rise to the express covenant was thus linked to the employer's actions as it related to the termination of the plaintiff.

Also, in *Baker* the court found that the employer's handbook set forth specific prohibited conduct, defined in detail the prohibited conduct, and explained the disciplinary procedures for such conduct.  2007 WL 4287494, at *12.  It found that those statements could "'reasonably be relied upon' by employees" and were "'sufficiently definite to allow a court to understand the nature of the obligation." *Id.* (quotation omitted).  In so holding, the Court contrasted that language from other cases where the statements from the employer's handbook were found to be nothing more than vague assurances. *Id.* (citing *Vasey v. Martin Marietta*, 29 F.3d 1460, 1464 (D. Colo. 1994) and *Marsh v. Delta Air Lines, Inc.*, 952 F. Supp. 1458 (D. Colo. 1997)).

Here, the document that Plaintiff relies on did not use the term "commit", and the statement of fair treatment by the employer that Plaintiff relies on is not linked in any

way to her claim related to an emergency preparedness drill.  In contrast to the *Baker* case, I am unable to see how a statement that employees are to be treated fairly would allow a court to understand the nature of the obligation taken in relation to a security drill such is at issue in this case and enforce the terms.  See *Hoyt*, 981 P.2d at 184 (finding that in order to constitute an enforceable promise, a statement by the employer "must be sufficiently definite to allow a court to understand the nature of the obligation undertaken"); *Soderlun*, 944 P.2d at 620 (where an alleged promise is claimed to be part of an express contract it must "be sufficiently specific so that the judiciary can understand the obligation assumed and enforce the promise according to its terms"). Moreover, unlike in *Baker*, the document relied on by Plaintiff did not set forth specific prohibited conduct or define the prohibited conduct.

I also find that Plaintiff's reliance on the *Soderlun* case is misplaced.  In that case, the court held that written statements in an employer's corporate code of business conduct were so indefinitely generic as to be unenforceable under any contract.  944 P.2d at 619. The statements at issue in *Soderlun* are similar to the statements at issue in this case.  The *Soderlun* court determined that the following statements were not "sufficiently definite and specific as to be judicially enforceable": "high ethical and moral standards in all we do," "acting in honesty, decency, fairness, openness, trustworthiness," "it is essential that employees, at all times, demonstrate the highest ethical conduct when conducting business with fellow employees."  *Id.* at 618-19.  The *Soderlun* case thus actually supports the Recommendation in this case that none of the

statements relied upon by the plaintiff were sufficiently definite and specific to be judicially enforcement, as a matter of law.

Based on the foregoing, I find that the cases relied on by Plaintiff are not controlling.  I further find that Magistrate Judge Wang's recommendation that Plaintiff's Motion for Leave to Amend the Complaint be denied as to the claim for "Willful and Wanton Breach of the Covenant of Good Faith and Fair Dealing" should be affirmed.

I now turn to the "Willful and Wanton Breach of Contract" claim.  Plaintiff asserts that her breach of contract claim is based on the promises of the Life Care Defendants' "long standing commitment of providing a safe working environment," and "valu[ing] the wellness" of its employees, as well as committing to work "aggressively with our associates in accident prevention" and promising a safety policy that "centers around a team approach committed to working together to prevent accidents and injuries" while requiring Plaintiff to join "as a member of our Life Care Safety Team."  (ECF No. 67-2.)  Plaintiff asserts that she should be allowed to amend the complaint to add a claim that the Life Care Defendants breached this contract when it arranged for her to be taken hostage by a man with a gun and made to believe that her life was in danger.  I agree, and reject Magistrate Judge Wang's recommendation to deny Plaintiff's Motion to Amend as to this claim.

Unlike the claim for the breach of the covenant of good faith and fair dealing, the language that Plaintiff relies on is specific and is arguably relevant to her claim.  Under the specific factual circumstances in this case, whether the Life Care Defendants' behavior in putting Plaintiff in a situation in which she feared for her life contravened its

promises to them to work "together to prevent" injuries and to provide a "safe" work environment is not subject to a categorical determination at this stage that the promises are merely "vague assurances". I believe this should is something that should be fleshed out further on the merits, whether through a motion to dismiss or motion for summary judgment. Accordingly, I reject Magistrate Judge Wang's recommendation to deny Plaintiff's Motion for Leave to Amend as to the "Willful and Wanton Breach of Contract" claim. I find that Plaintiff should be allowed to amend her complaint to add such a claim.

In conclusion, it is

ORDERED that the Recommendation of United States Magistrate Judge filed May 29, 2015 (ECF No. 123) is **AFFIRMED IN PART AND REJECTED IN PART**. It is affirmed as to the recommendation to deny Plaintiff's Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a) as to the request to add a claim for "Willful and Wanton Breach of the Covenant of Good Faith and Fair Dealing". It is rejected as to the recommendation to deny Plaintiff's Motion to Amend Complaint to add a claim for "Willful and Wanton Breach of Contract." In accordance therewith, it is

ORDERED that Plaintiff's Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a) (ECF No. 67) is **GRANTED IN PART AND DENIED IN PART**. It is denied to the extent Plaintiff seeks to add a claim for "Willful and Wanton Breach of the Covenant of Good Faith and Fair Dealing". It is granted as to Plaintiff's request to file an amended complaint that adds a claim for Willful and Wanton Breach of Contract. In accordance

with D.C.COLO.LCivR 15.1(b), Plaintiff shall file and serve the amended complaint on all parties under Fed. R. Civ. P. 5 no later than 14 days after the filing of this order.

Dated:  September 30, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge